IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS &
RUBY HANDLER-JACOBS,

     Plaintiffs,

v.                                                                               No. 1:25-cv-00341-KG-JMR

UNITED STATES OF AMERICA,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs Michael Jacobs and Ruby Handler-Jacobs'

Motion for Return of Property, Doc. 6, and the United States' Motion to Dismiss, Doc. 9.  The

Court grants the Defendant's motion to dismiss because Plaintiffs' claim is untimely.

### I.    Background

The Court recounts this case's background using the pleadings, drawing all reasonable

inferences in the nonmoving party's favor and describing only those facts relevant to

Defendants' motion to dismiss.  *E.g.*, *WildEarth Guardians v. U.S. Forest Serv.*, 2025 WL

2430383, at *1 (D.N.M.).

In 2016, Plaintiffs were detained "[p]ursuant to a Southern District of New York...sealed

indictment."  Doc. 6 at 1.  Shortly thereafter, the United States District Court for the District of

New Mexico issued a warrant authorizing agents to search Plaintiff's property for "evidence,

fruits, and instrumentalities of violations of Title 18."  *Id.* at 5.  Plaintiffs allege that, during the

search, FBI agents seized property that was not responsive to the warrant, including photographs,

electronically stored information, electronic devices, and financial documents.  *Id.* at 16, 61–65

("Ex. 9").  A judge in the Southern District of New York entered Judgment against Mr. Jacobs

1

on June 20, 2018, and against Ms. Handler-Jacobs on October 10, 2018. *Id.* at 15. Plaintiffs were detained for approximately one year and released for good behavior. *Id.* at 9.

After his release, Mr. Jacobs contacted the FBI and an Assistant United States Attorney regarding personal property that remained in the government's possession. *Id.* at 9. After largely unsuccessful efforts, he sent a "letter of intent" but received no response. *Id.* at 10. The FBI did return one of Plaintiffs' cell phones and "a parcel of items...that contained a number of internal and external drives." *Id.* at 5–6. The Government retains the remainder of Plaintiffs' property. *Id.* In January 2023, Plaintiffs filed a Rule 41(g) motion in this district. The magistrate judge dismissed that motion without prejudice, concluding that the court was "without jurisdiction to consider a Rule 41(g) motion." *Id.* at 6.

## II.    *Standard of Review*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if it creates a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court treats the allegations as true, but "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are not credited. *Twombly*, 550 U.S. at 555. Under Rule 15(a)(2), courts "should freely give leave when justice so requires." The Court construes a pro se litigant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). However, pro se parties must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"Statute of limitations questions may...be appropriately resolved on a Fed. R. Civ. P. 12(b) motion" even though "the statute of limitations is an affirmative defense." *Aldrich v.*

*McCulloch Props*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  Rule 12(b)(6) dismissal is warranted "when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Id.*  Claims barred by the statute of limitations may be dismissed with prejudice because permitting amendment of those claims would be futile.  *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

A motion seeking the return of property from the federal government after the conclusion of criminal proceedings is treated as a civil equitable action against the United States.  *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1210 (10th Cir. 2001).  Civil claims against the United States are "barred unless...filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

### III.    *Analysis*

It is clear from the face of the complaint that Plaintiffs' claim is untimely.  Plaintiffs' criminal proceedings concluded on June 20 and October 10, 2018, respectively.  Doc. 1 at 14. Their cause of action accrued at that time.  *See Rodriguez-Aguirre*, 264 F.3d at 1214.  Because the applicable statute of limitations is six years under 28 U.S.C. § 2401(a), Plaintiffs were required to bring their claim no later than June 20 and October 10, 2024.  Plaintiffs did not file this action until April 17, 2025.  Doc. 6 at 1.  Their claim is therefore time-barred.  The Court dismisses the action with prejudice because amendment would be futile.  *Gee*, 627 F.3d at 1195.

Plaintiffs' argument to the contrary is unavailing.  They contend that "they did not discover the Government's position until only after their numerous attempts" to contact the Government "by telephone and email, and...the mailing of their Letter of Intent on March 3, 2020."  Doc. 6 at 1.  But the statute of limitations does not turn on when Plaintiffs subjectively concluded that the Government would not return the property.  Claimants are "charged with

knowledge of the United States' alleged unconstitutional retention of the property" on "the date on which criminal proceedings...concluded." *Rodriguez-Aguirre*, 264 F.3d at 1214. Plaintiffs cannot delay accrual by pointing to later communications or attempts to confirm the Government's position.

Nor does Plaintiffs' earlier filing save the claim. Plaintiffs argue that their claim survives because they filed their first motion for return of personal property on January 23, 2023, within the six-year limitation. Doc. 1 at 15. That earlier filing does not change the Court's analysis. In the absence of a statute providing otherwise, "the limitations period is not tolled during the pendency of a dismissed action," even when the earlier action is dismissed without prejudice. *Brown v. Hartshorne Public School District No. 1*, 926 F.2d 959, 962 (10th Cir. 1991). Accordingly, the prior filing did not toll the statute of limitations.

## IV.    *Conclusion*

The Court grants Defendant's motion to dismiss, Doc. 9, because Plaintiffs' claim is untimely. The Court dismisses the claim with prejudice because amendment is futile.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

5