**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL JACOBS and
RUBY HANDLER-JACOBS,

Plaintiffs,

v. No. 1:25-cv-00341-KG-JMR

UNITED STATES OF AMERICA

Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs Michael Jacobs and Ruby Handler-Jacobs' Rule 59(e) Motion for Reconsideration of the Court's Order Granting the Defendant's Motion to Dismiss ("Motion to Reconsider"), Doc. 16. For the reasons below, the Court denies the Motion to Reconsider.

***I. Background***

On December 11, 2016, Plaintiffs were detained "[p]ursuant to a . . . sealed indictment." Doc. 6 at 5. The following day, the Government executed a warrant to search Plaintiffs' property in Albuquerque for "evidence, fruits, and instrumentalities of violations of Title 18[.]" *Id.* During the search, Plaintiffs allege the Government seized property that was not responsive to the warrant, including photographs, electronically stored information, electronic devices, and financial documents. *Id.* at 8, 61–65. A separate search warrant was also executed on July 26, 2017, in California. *Id.* at 5–6, 54–58. Michael Jacobs subsequently pleaded guilty and a judgment of conviction was entered on June 20, 2018. *Id.* at 15. Ruby Handler-Jacobs also pleaded guilty and a judgment of conviction was entered in her case on October 10, 2018. *Id.* Plaintiffs were released approximately one year later for good behavior. *Id.* at 9.

After his release, Jacobs contacted the Federal Bureau of Investigation ("FBI") and an Assistant United States Attorney seeking the return of personal property. *Id.* at 9. On August 7, 2024, FBI returned one of Plaintiffs' cell phones and "a parcel of items . . . that contained a number of internal and external drives[.]" *Id.* at 6. The Government retains the remainder of Plaintiffs' property. *Id.* On January 23, 2023, Plaintiffs filed a Rule 41(g) Motion for the Return of Property in the U.S. District Court for the District of New Mexico. *Id.* at 10–11. That case was dismissed without prejudice after a magistrate judge concluded the court was "without jurisdiction to consider a Rule 41(g) motion." *Id.* at 10.

Plaintiffs filed the instant action on April 7, 2025. *See* Doc. 1. Plaintiff's Amended Complaint seeks the return of personal property seized by the Government, as well as the destruction of certain electronically stored information. Doc. 6 at 1–2, 15–20. The Court granted the Government's Motion to Dismiss, Doc. 9, concluding the claim was barred by the six-year statute of limitations because "Plaintiffs were required to bring their claim no later than June 20 and October 10, 2024." Doc. 15 at 3–4. Plaintiffs now seek reconsideration of that dismissal. *See* Doc. 16. The Government did not respond to the Motion.[1]

## *II. Standard of Review*

A court may reconsider a motion under Rule 59(e) when there is "(1) an intervening change in the controlling law, (2) "new evidence previously unavailable, and (3) the need to

[1] Plaintiffs contend that, pursuant to D.N.M.LR.-Civ. 7.1(b), the Government's failure to respond to the Motion "operates as formal legal consent to grant the motion." Doc. 18 at 2. Because Plaintiffs' Motion does not meet the high standard for relief under Rule 59(e), the Court does not apply Local Rule 7.1(b). Moreover, the application of Local Rule 7.1(b) entails a certain degree of discretion. *See*, *e.g.*, *Fancher v. Barrientos*, No. 2:11-cv-00118-JAP-LAM, 2015 WL 11142939, at *1 n.1 (D.N.M. July 1, 2015) (explaining that the court "may" grant a motion under Local Rule 7.1(b) but proceeding to "address the merits"); *Canizales v. Armendariz*, No. 07-cv-0198-JB-RHS, 2008 WL 4816674 at *4 (D.N.M. Aug. 5, 2008) (noting Local Rule 7.1(b) but "consider[ing] the motion on the merits" before granting it).

correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also* Fed. R. Civ. P. 59(e). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). "Rule 59(e) motions are not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020) (internal quotation marks and citation omitted). The decision to grant or deny a Rule 59(e) motion is within the sound discretion of the trial court. *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1287 (10th Cir. 2003).

## ***III. Analysis***

Plaintiffs' Motion to Reconsider asserts two grounds for relief. Doc. 16 at 4. First, Plaintiffs contend the Court disregarded controlling case law when it found the claim was barred by the six-year statute of limitations under 28 U.S.C. § 2401(a). *Id.* at 6–11; *see also* 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."). Second, Plaintiffs argue the Court erred by determining the discovery rule and doctrine of equitable tolling were inapplicable in this case and could not save Plaintiffs' time-barred claim. *Id.* at 7–11.

To begin, the Court will not reconsider Plaintiffs' argument regarding the discovery rule because it was previously raised and decided by this Court. *See* Doc 15 at 3–4; *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("[R]evisiting the issues already addressed is not the purpose of a motion to reconsider[.]" (internal quotation marks and citation omitted)). Nor will the Court reconsider its decision regarding equitable tolling. That issue was also previously raised and decided by the Court. *See* Doc. 15 at 4; Doc. 6 at 2, 10–11.

Turning to Plaintiffs' remaining argument—that the Court overlooked controlling case law—Plaintiffs point to *Corner Post, Inc. v. Bd. of Govs. of the Fed. Res. Sys.*, 603 U.S. 799 (2024). *See* Doc. 16 at 9. But *Corner Post* does not alter this Court's analysis. *Corner Post* merely held that claims brought under the Administrative Procedure Act do not "accrue" for purposes of Section 2401(a)'s six-year statute of limitations until "the plaintiff is injured by final agency action." 603 U.S. at 825. It did not modify the "standard rule that the limitations period [under Section 2401(a)] commences when the plaintiff has a complete and present cause of action." *Id.* at 811 (internal quotation marks omitted) (quoting *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 418 (2005). Under this traditional rule, the statute of limitations to seek the return of property seized in conjunction with a criminal proceeding "is the date on which the criminal proceeding . . . concluded." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001).

Thus, Plaintiffs' claim once again presents a straightforward application of the same six-year statute of limitations to the same set of facts. Here, Plaintiffs' criminal proceedings concluded on June 20, 2018, and October 10, 2018, respectively. Doc. 6 at 15. That event triggered the six-year statute of limitations under Section 2401(a) and Plaintiffs were required to bring their claim no later than June 20, 2024, and October 10, 2024. Plaintiffs failed to do so, and their claim is now time-barred. *See* Doc. 1 (showing the Complaint was filed with the Clerk's Office on April 7, 2025).

## *IV. Conclusion*

For the foregoing reasons, Plaintiff's Motion to Reconsider, Doc. 16, is DENIED.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.